## Lightner *against* Will.
## Park and Co. *against* Ingersoll.

The making of a negotiable note at a particular place does not make it payable there, or supersede the necessity of giving notice to the drawer where he resides, in order to charge the endorser.

ERROR to the District Court of *Allegheny* county.

Joel W. Lightner against J. E. Will, and James Park & Co. against D. P. Ingersoll. The facts of each of these cases raised the same question. In the latter case, the plaintiffs gave the following evidence:—

*Pittsburgh, April* 8, 1837.

Four months after date I promise to pay to the order of Joseph Armorer, four hundred dollars, without defalcation, for value received.

(Endorsed)                          (Signed)        ORIN WATERS.
JOSEPH ARMORER,
D. P. INGERSOLL,
SAMUEL ROSEBURGH,
JAMES PARK & Co.

"Be it known, That on the 11th day of August 1837, I, Mathew B. Lowrie, notary public, by authority of the commonwealth of Pennsylvania, duly commissioned and sworn, residing in the city of Pittsburgh, in said commonwealth, at the request of the Merchants and Manufacturers' Bank of Pittsburgh, exhibited the original promissory note (whereof the above is a true copy) at said bank, as well as to sundry persons in Pittsburgh, (the drawer thereof not residing in the city,) and demanded payment thereof, the time therein limited for payment being fully expired, to which demands I received for answer, We will not pay said note."

And after proving by Isaac Harris that Orin Waters resided at Chartier's creek, some three or four miles from Pittsburgh, from 1837 to the fall of 1840; that he had a manufactory of spades, shovels, &c. at that place; that he frequently came to Pittsburgh to sell his manufactures — once a week or two weeks;

The plaintiffs called

Mathew B. Lowrie sworn. Am notary public; protested this note; knew that Waters did not reside in the city, and where he lived; he came often to town and usually stopped at Isaac Harris's

[Lightner v. Will.]

store; made no demand of Waters personally; did not think I was bound to go out of town, as the note was dated Pittsburgh; made diligent search for him in town; inquired at Harris's; made sufficient search to satisfy myself that Waters was not in town.

*After this time,* Waters agreed with witness that notices should be left for him at Harris's store.

The defendant requested the court to instruct the jury, that if they believed the testimony (as above), plaintiffs had not shown sufficient demand on the drawer, Waters, in order to charge the defendant; and that their verdict should be for defendant.

The plaintiffs also prayed the court to instruct the jury that the testimony, if believed, was sufficient to entitle them to a verdict.

The court (GRIER, President) refused to instruct the jury as requested by plaintiffs, but instructed them as requested by defendant, and at their request sealed a bill of exceptions.

*M'Clure* and *M'Candless,* for plaintiff in error. The making of the note at Pittsburgh, which appears upon the face of it, is an implied engagement that it shall be paid there. 6 *Cranch.* 224; 3 *Caines* 72; 1 *Salk.* 134; 10 *Yerger* 304; 3 *M'Cord* 394; 1 *Devereux* 293. The rule varies with circumstances. 20 *Johns.* 168; 12 *Wheat.* 183; 2 *Const.* 683; 4 *Serg. & Rawle* 480; 3 *Kent. Com.* 95; 3 *Rawle* 360; 9 *Mass.* 1.

*Eyster, contra.* Conceding that the making of a note at a particular place raises the presumption that it is to be paid there, (which is the most that can be asked for it,) that presumption cannot arise in the face of positive proof of knowledge as to where the drawer did live. 3 *Whar.* 120; 4 *Serg. & Rawle* 480; 5 *Binn.* 541; 14 *Johns.* 116; 4 *Johns.* 285.

The opinion of the Court was delivered by

KENNEDY, J.—Both these cases turn upon the same point. The action in each is against the endorser of a negotiable note, dated at Pittsburgh; though the drawers, at the times of drawing the notes, as also at the times they became payable, resided some three or four miles from that place. The notes were not presented to the drawers in either case at maturity for payment; although no place is specified for payment therein, and the residence of the drawers would seem to have been known to the holders, or, at least, could have been easily ascertained by them, had reasonable or diligent search been made for that purpose. It has been argued, however, that dating the notes at Pittsburgh is equivalent to making them payable there; and that it was therefore unnecessary, in order to make the endorsers liable, to go beyond the precincts of the city of Pittsburgh to demand payment of the draw-

ers. And indeed it would seem that a notion of this sort pre-vailed to a certain extent in the city of Pittsburgh; but certainly it is an erroneous one. The circumstance of the notes being dated at Pittsburgh might be considered by those, who knew nothing to the contrary, some indication that the drawers resided there; but by no reasonable *interpretation* can it be regarded as being in-tended to make the notes payable there. The contrary, indeed, has been adjudged. *Anderson* v. *Drake*, (14 *Johns. Rep.* 114). It is prefixed or subjoined merely to show the place at which the note is drawn, in like manner and for the like purpose as it is done in writing a letter, but never done in either case with a view to show that the drawer of the note, or the writer of the letter, resides at the place; it at most only goes to show that the drawer of the note, or the writer of the letter, was there at the time of drawing the note or writing the letter. That a demand of payment must be made upon the drawer, or due diligence used for that purpose, on the last day of grace, which is the day that the note becomes payable according to the law-mer-chant, if his residence be within the state and known, or can be ascertained by reasonable inquiry, in order to make the endorser liable, was settled in the case of *Stuckert* v. *Anderson*, (3 *Whart. Rep.* 116), otherwise he will be released from his liability to pay the note. We therefore think there is no error in either of these two cases.

Judgments affirmed.